## STATE OF TENNESSEE ex rel. ARTHUR RICHARD SELDON v. GLORIA ANN SELDON YORK.
## —360 S. W. (2d) 931.

Middle Section. February 2, 1962.

Certiorari Denied by Supreme Court June 5, 1962.

Maddux & Cameron, Cookeville, for petitioner.

Flatt & Flatt, Cookeville, for defendant.

SHRIVER, J.   This suit was instituted in the Circuit Court of Putnam County, by petition for a Writ of Habeas Corpus and involves the custody of Cindy Anne Seldon the six year old daughter of the parties.

It is alleged in the petition that the relator, Arthur Richard Seldon, is a citizen and resident of San Antonio, Texas, while the defendant, Gloria Ann Seldon York, the former wife of relator and the mother of their six year old daughter Cindy Anne, is, at present, a resident of Cookeville, Putnam County, Tennessee.

Relator was granted a divorce from defendant on April 16, 1958 in the District Court of Bexar County, Texas on the statutory ground of cruel treatment. A certified copy of the decree is filed as exhibit "A" to the petition.

By the terms of said decree the defendant Gloria Ann Seldon was awarded the custody of the said minor child and the relator was ordered to pay $100.00 a month for her support. The decree was later amended so as to reduce the support payments to $75.00 a month and it appears from the record that the relator made the payments as ordered by the Court.

Certain visitation privileges were granted the relator in the original decree as subsequently modified. As this decree stood at the time of the hearing before Judge John D. Holladay on June 3, 1961, relator had the privilege of having his daughter visit with him each Sunday between the hours of 11 o'clock A. M. and 7 o'clock P. M. with additional visitation privileges on Christmas Day, Thanksgiving Day and the 4th of July from 2 o'clock P. M. until 6 o'clock P. M.

At the time of the divorce and until October 1960 both relator and the defendant resided in San Antonio, Texas, where both parties were employed.

The record supports the averment that the child is very affectionate toward the relator and was happy during the frequent but brief periods of visitation permitted by the decree of the Court.

On October 21, 1960 the defendant was married to Thomas York, who was and is a Captain in the United States Army and, shortly thereafter, she moved with her new husband and the minor child to Cookeville, Tennessee, where Captain York is stationed as an R. O. T. C. Instructor at the Tennessee Polytechnic Institute.

The marriage and removal to Tennessee of the defendant and the child was done without any notice to the relator and without making application to the Texas Court for approval or permission to move the child from its jurisdiction.

It is averred that because of this action on the part of the defendant, the relator has been deprived of seeing and being with his young daughter since shortly before October 21, 1960 and that Cindy Anne has been deprived of

the privilege of seeing and being with her father and with certain other of her relatives, both paternal and maternal, who live in San Antonio, Texas. It is averred that such deprivation has not been in the best interest of the parties or of the minor child.

Because of the distance from San Antonio, Texas to Cookeville, Tennessee, it has been impossible for relator to exercise the visitation privileges granted by the District Court of Texas, hence, he filed the petition for Habeas Corpus in the Court at Cookeville, Tennessee, and, among other things, prayed for such orders as would enable him to have the child visit with him during the Summer but to remain in the general custody of defendant, and that the said visitation period extend for four weeks during 1961, six weeks during 1962 and eight weeks during 1963 and subsequent years, and that the decree require the defendant to comply with said finding and to furnish transportation for the child one way during each visit except 1961. He prayed that the visitation period for the Summer of 1961 commence immediately following the date of the hearing and that during such visits no support payments be required of him.

On the day of the hearing the relator amended his petition to further allege that it would be to the best interest of the child to have the privilege of being with relator during the Christmas holidays every other year and praying that the Court enter a decree providing that relator be privileged to have the said child visit him in San Antonio, Texas during the Christmas holidays in alternate years.

The defendant filed a plea in abatement alleging that the matters and things complained of in the petition were

not within the jurisdiction of the Circuit Court of Putnam County, Tennessee but were within the exclusive jurisdiction of the District Court of Bexar County, Texas. Said plea also alleged that the Circuit Court of Putnam County has no jurisdiction to change, modify or alter the support decrees entered by the Court of Bexar County, Texas, and that the relator had not, in law or fact, alleged any change of conditions affecting the health, welfare or best interest of Cindy Anne Seldon so as to confer jurisdiction on the Circuit Court of Putnam County, Tennessee.

The trial Judge overruled the plea in abatement and defendant filed an answer admitting the facts concerning the marriage, the divorce of the parties, defendant's remarriage and the fact that defendant and her new husband had moved to Cookeville, Tennessee, due to his being stationed at Tennessee Tech as an R. O. T. C. instructor. The answer avers that defendant was not required to keep the child within the jurisdiction of the Texas Court and was not required to obtain permission from said Court to move said child to Tennessee. It further avers that it is not in the best interest of said child to be away from its mother for a period of weeks as prayed for in petition.

The trial Judge found that the plea in abatement was not good and decreed that the custody of Cindy Anne Seldon was vested in the defendant by a valid decree of the Texas Court; but that, because defendant had removed the child from the jurisdiction of the Texas Court and had taken up residence in Cookeville, Tennessee, conditions respecting the child had so changed as that the Tennessee Court had jurisdiction to pass on the questions raised in the petition with respect to custody and visitation privileges.

The Court held that in lieu of the weekly visits provided by the decree of the Texas Court, the relator would be privileged to take Cindy Anne to San Antonio, Texas, for a three weeks visit commencing at 7:30 A. M. on the first Sunday in June of 1961 and subsequent years, and ending on the fourth Sunday in June of each year before the usual hours of darkness; and, that such annual visitation rights should continue until changed by further decree of the Court. He further held that relator should have reasonable visitation privileges with Cindy Anne during daylight hours away from the home of the defendant in Cookeville, Tennessee, and that between the morning of December 26, 1961 or any subsequent year and the date that Cindy Anne is to resume her school work after the Christmas holidays, the relator would have the privilege of visiting with said child and having her with him for a period of not exceeding forty-eight hours. The order also provides that defendant shall give notice to the Court and to solicitors of record of relator within three days of the receipt by her present husband of any orders requiring them to move from the jurisdiction of the Court.

The decree provides that no support payments are required of the relator during the Summer visitation period of three weeks.

To this order defendant excepted and prayed and perfected an appeal to this Court and has assigned errors.

—Assignments of Error—

There are seven assignments of error which it will not be necessary to discuss separately.

It is complained that there is no evidence to support the decree and that the Court erred in overruling defend-

-ant's plea in abatement and that not only was the Court without jurisdiction to enter the order in question but that said order is an abuse of discretion, and, finally, that the trial Court erred in not staying execution of the judgment pending appeal.

—Findings of Law and Fact—

The record indicates that both relator and defendant are persons of education and refinement and are possessed of such character as that either or both of them are suitable custodians of the minor child.

Relator, at the time of the hearing, was a man 42 years old while the defendant was 25 years old. Each of them had been previously married and Cindy Anne is the only child of this union.

The decree of the trial Judge found, among other things, that Cindy Anne Seldon, for approximately eight months, and since her removal to Tennessee, had been deprived of seeing or being with her father, the relator, and likewise, of seeing and being with her maternal grandparents, her paternal grandmother, and certain other relatives, both maternal and paternal, who reside in or near San Antonio, Texas, and that such deprivation has not been, and is not, in the best interest of said child.

In rendering the decision below the trial Judge had the following to say:

"It looks like two adults here that are thinking about themselves maybe. Let us say to you that I am, not probably as strongly family conscious as the Jewish race, but I am a great believer in the family association, family ties. I think the salvation of our country is in maintaining and preserving the family

indentity and your idea of a person disassociating himself from the family and having no need for the family, association, is the thing that I couldn't go along with you on. I think that a child, for it's best interest should know it's background; needs to know its maternity and paternity and needs to know the old people in the family."

Kenner v. Kenner, 139 Tenn. 211, 223, 201 S. W. 779, L. R. A. 1918E, 587, is a leading case in Tennessee involving the question of jurisdiction of our Courts in cases where a child has been removed from the jurisdiction of one State to another. In that case the Court stated that, as between the parents, the decree of a foreign court awarding custody of children to one or the other is res judicata, subject to modification only by the court that granted the decree. The Court went on to state, however, that this doctrine should be understood with the qualification that, in case of the removal of the child to another state in the custody of the parent to whom it had been awarded by the foreign decree of divorce, the Courts of the State to which they have removed have the power, on a change of circumstances showing such course necessary to the best interest of the child, to make a new disposition of the child. A number of cases are cited in support of this proposition.

In State ex rel. Sprague v. Bucher, 38 Tenn. App. 40, 270 S. W. (2d) 565, it was stated that our Courts will interfere with the custody of a minor child as established by a decree of a court of another State having jurisdiction of the parties and subject matter when it is manifest that there has been such change in circumstances that the welfare of the child requires it.

In that case it was also said that in Habeas Corpus proceedings by a mother against the former husband to obtain possession of a minor child whose custody had been awarded to the mother by a divorce decree in an Illinois Court, the Tennessee Court had authority to hear evidence as to whether there had been such a change in the circumstances, status and condition of the parties that the welfare of the child required interference by the Tennessee Courts to change the custody of the child.

█ It is also observed in said case that, in Habeas Corpus proceedings for child custody, the decision of the trial Judge who saw and heard the witnesses is to be given great, if not controlling, effect, and the reviewing Court will interfere only where it finds a palpable abuse of discretion or a judgment against the great weight of the evidence.

█ It was emphasized that in Habeas Corpus proceedings involving the custody of a child, evidence concerning any change of circumstances reflecting on the child's welfare is competent.

In the recent Putnam County case of Alexander v. Alexander, 39 Tenn. App. 521, 286 S. W. (2d) 104, this Court discussed the question of jurisdiction of a Tennessee Court to review the decree of the Court of another State awarding custody of the child or children of the parties. In said case it was pointed out after reviewing a number of authorities, that a decree of divorce awarding custody of children rendered by a Court having jurisdiction of the parties and subject matter should be given full effect by the Courts of this State, but that this is subject to modification by reason of changes in circumstances of the parties occurring after the decree. In said case the

rule as announced in Kenner v. Kenner, supra, was referred to with approval and it was pointed out that a general statement of the applicable rule is found in 9 R. C. L. pages 477-8 which is quoted with approval.

On the whole, we think the trial Judge was justified in assuming jurisdiction of this cause and that he did not abuse his discretion in awarding the decree complained of.

It results that the assignments of error are overruled and the judgment of the trial Court is affirmed with costs.

The cause is remanded to the trial Court for such future orders as may be necessary or proper in conformity with this opinion and decree.

Affirmed and remanded.

Crownover, Special Judge, and Humphreys, J., concur.